The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
You have requested an Attorney General opinion concerning the prohibition of renting X-rated movies to minors.
More specifically, you have asked:
 Relating to the fact that X-rated movies can be received over the Internet, HBO, Cinemax, and pay-per-view channels, by what method are video rental stores forbidden to rent these same movies to individuals who are under the age of twenty-one?
RESPONSE
The rental of "X-rated" movies to minors is specifically forbidden by statute, whereas the receipt of such movies by way of the Internet, HBO, Cinemax, and pay-per-view channels is not.
This matter is governed by the provisions of A.C.A. § 5-68-502(2)(A), which states in pertinent part:
 It shall be unlawful for any person, including, but not limited to, any persons having custody, control, or supervision of any commercial establishment, to knowingly:
* * *
 (2)(A) Sell, furnish, present, distribute, allow to view, or otherwise disseminate to a minor, with or without consideration, any material which is harmful to minors.
A.C.A. § 5-68-502.
The phrase "harmful to minors," as used in the above-quoted statute, is defined as follows:
 "Harmful to minors" means that quality of any description, exhibition, presentation, or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sadomasochistic abuse, when the material or performance, taken as a whole, has the following characteristics:
 (A) The average person eighteen (18) years of age or older applying contemporary community standards would find that the material or performance has a predominant tendency to appeal to a prurient interest in sex to minors;
 (B) The average person eighteen (18) years of age or older applying contemporary community standards would find that the material or performance depicts or describes nudity, sexual conduct, sexual excitement, or sadomasochistic abuse in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors; and
 (C) The material or performance lacks serious literary, scientific, medical, artistic, or political value for minors[.]
A.C.A. § 5-68-501(2).
This definition of "harmful to minors" clearly would encompass movies that are "X-rated."
The statute also explicitly excepts formats such as the Internet, HBO, Cinemax, and pay-per-view channels from the prohibition. The exception for such formats appears first in the definition of "materials," as that term is used in A.C.A. § 5-68-502, quoted above.
The definition of "materials" states:
 "Material" means any book, magazine, newspaper, pamphlet, poster, print, picture, figure, image, description, motion picture, film, record, recording tape, CD-ROM disk, magnetic disk memory, magnetic tape memory, video tape, or other media, but does not include matters displayed, transmitted, retrieved, or stored on the internet or other network for the electronic dissemination of information[.]
A.C.A. § 5-68-501(6) (emphasis added).
This exception is stated broadly enough to encompass materials received via the Internet, HBO, Cinemax, and pay-per-view channels. Under this exception, materials received from such sources clearly are not subject to the prohibition stated in A.C.A. § 5-68-502(2)(A).
Materials received from such sources are also excepted from the prohibition by virtue of the language in A.C.A. § 5-68-502(2)(B). That exception language states:
 (B) Provided, this prohibition [i.e., the prohibition stated in A.C.A. § 5-68-502(2)(A)] shall not apply to:
 (i) Any dissemination by a parent, guardian, or relative within the third degree or consanguinity of the minor; or
 (ii) Any dissemination with the consent of a parent or guardian of the minor[.]
A.C.A. § 5-68-502(2)(B).
If X-rated materials are received by a minor via the Internet, HBO, Cinemax, and pay-per-view channels while the minor is under the control of a parent or guardian, these materials are being received in that situation pursuant to the implied consent of the minor's parent or guardian, and are therefore not subject to the same prohibition that is applicable to video rental stores.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh